UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALEX V. L. RICE,

Plaintiff,

v.

OSH, OREGON STATE HOSPITAL,

Defendant.

Case No. 6:26-cv-00723-CL

ORDER

MCSHANE, Judge:

On June 15, 2026, the Court issued an order finding Plaintiff Alex Verlyn Lyle Rice's application to proceed in forma pauperis (ECF No. 4) deficient pursuant to 28 U.S.C. 1915(a)(2) (ECF No. 5). The Court noted in the order that Rice's application did not include a certified copy of his prison trust account statement or its institutional equivalent as required by statute, but that Rice had submitted a page labeled "Account History" that lacked any identifying information and appeared to have been printed from the internet. The Court further noted that it appeared that Rice, rather than an authorized Oregon State Hospital ("OSH") officer, had completed the certificate summarizing Rice's accounts at OSH. Because Rice's Application appeared to be incomplete, the Court ordered Rice to file an amended application curing the deficiencies noted within thirty days.

On June 30, 2026, Rice filed an amended application to proceed in forma pauperis (ECF No. 6). Rice excluded from the amended application the certificate to be completed by an

authorized OSH officer and submitted the same internet print-out he included in the initial application. The Court thus issued an order finding that Rice's amended application remained incomplete (ECF No. 7). The Court nevertheless allowed him "one additional opportunity" to file a completed application to proceed in forma pauperis and warned that his failure to do so would result in the dismissal of this proceeding.

On August 17, 2026, Rice filed a second amended application to proceed in forma pauperis (ECF No. 8). Rice again excludes a prison trust account statement, or its institutional equivalent, for the six-month period preceding the filing of the complaint. Rice also appears to have completed the certificate summarizing his accounts at OSH rather than submitting the certificate for completion by an authorized OSH officer. Rice's second amended application therefore is incomplete.

The Court has given Rice two chances to cure the deficiencies noted in his applications to proceed in forma pauperis, but he has failed to do so.[1] The Court thus DENIES Rice's second amended application to proceed in forma pauperis (ECF No. 8) and DISMISSES this action, without prejudice.[2]

IT IS SO ORDERED.

DATED this 17th day of September, 2026.

s/Michael J. McShane
Michael McShane
United States District Judge

[1] The Court notes that Rice has filed over thirty cases in this District and has been advised of the statutory requirements for filing a properly completed application to proceed in forma pauperis in each of his cases.

[2] Irrespective of his repeated failure to properly submit an application to proceed in forma pauperis, the Court has reviewed the complaint and finds that Rice fails to state a claim upon which relief may be granted.